IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RHODES COLLEGES, INC. d/b/a § | |
| EVEREST COLLEGE, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:10-CV-0031-D |
| VS. § | |
| § | |
| JULIE E. JOHNSON, Individually, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendants object to the magistrate judge's November 29, 2011 order denying their motion for protective order. Concluding that defendants have failed to demonstrate that the magistrate judge committed clear error or abused his discretion, the court overrules the objection and affirms the order.[*]

This appeal is governed by Fed. R. Civ. P. 72(a), which provides that the court must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." *Id.* "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.,* 164 F.R.D. 204, 208 (N.D. Tex. 1996) (Fitzwater, J.) (quoting *Smith v. Smith,* 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.) (internal quotation marks omitted)). "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

conviction that a mistake has been committed." *Id.* (quoting *Smith,* 154 F.R.D. at 665) (internal quotation marks omitted). "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Id.* (quoting *Smith,* 154 F.R.D. at 665) (internal quotation marks omitted). The legal conclusions of the magistrate judge are reviewable *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions." *Id.* "[T]he abuse of discretion standard governs review of that vast area of . . . choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Id.* (quoting *Smith,* 154 F.R.D. at 665) (alteration and ellipsis in original; internal quotation marks omitted). "When a party appeals a magistrate judge's order, he must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows,* 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.). "This means that, at a minimum, the party must identify the ruling being challenged, specify the standard of review, and explain why the decision in question is reversible under that standard." *Librado v. M.S. Carriers, Inc.,* 2004 WL 583602, at *4 (N.D. Tex. Mar. 23, 2004) (Fitzwater, J.).

     Defendants assert that Cindy Yeast has no discoverable information, either in the form of testimony or documents. But they have failed to show that the magistrate judge clearly erred in finding that there is evidence that she *does* have information that would lead to the discovery of admissible evidence, i.e., that the discovery plaintiffs seek falls within the scope of Rule 26(b)(1) (permitting discovery "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence"). They have also failed to show that he clearly erred in rejecting their

assertion of undue burden. Absent such clear error, it was not an abuse of discretion for the magistrate judge to deny defendants' motion.  "The district court has broad discretion in discovery matters and its rulings will be reversed only on an abuse of that discretion." *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989) (citing *Eastway Gen. Hosp. v. Eastway Women's Clinic, Inc.*, 737 F.2d 503, 505 (5th Cir. 1984)).  "So long as that discretion is not abused, a district judge will not disturb the magistrate judge's decision, even if another magistrate judge—or even the reviewing district judge—might have decided the matter differently." *Resolution Trust Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)  (Fitzwater, J.).

The magistrate judge's November 29, 2011 order is AFFIRMED.

December 15, 2011.

                                                  SIDNEY A. FITZWATER
                                                  CHIEF JUDGE